Matthew L. Rollin (SBN 332631)
**SRIPLAW, P.A.**
8730 Wilshire Boulevard
Suite 350
Beverly Hills, California 90211
323.452.5600 – Telephone
561.404.4353 – Facsimile
Matthew.rollin@sriplaw.com

Counsel for Plaintiff
Viral DRM LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRAL DRM LLC, | CASE NO.: 3:23-cv-05045-JSC |
| Plaintiffs, | **PLAINTIFF'S EX PARTE MOTION FOR A SUBPOENA TO GOOGLE LLC AND INCORPORATED MEMORANDUM OF LAW** |
| v. | |
| YOUTUBE UPLOADERS LISTED ON SCHEDULE A, | |
| Defendants. | |

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR RESPECTIVE COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT Plaintiff Viral DRM, LLC ("Viral DRM" or "Plaintiff") hereby requests that this Court, *ex parte*, for an order authorizing plaintiff to issue a subpoena for documents and information identifying the persons or entities that uploaded plaintiff's copyrighted works to YouTube, operated by Google LLC, that are currently performing and displaying plaintiff's copyrighted works.

This application is made on the grounds that the YouTube uploaders listed Schedule A to the complaint have deprived and continue to deprive Plaintiff of its right to determine the manner in which its copyrights are presented to the public, and defendants have and continue to wrongfully trade and capitalize on Plaintiff's copyrights. By their activities, Defendants are defrauding Plaintiff,

certain non-party businesses, and the consuming public for their own benefit, and plaintiff is in need of a subpoena for their identities.

This motion will be based on this Notice of Motion, Memorandum of Points and Authorities, and the Declarations of Matthew Rollin and Brandon Clement filed herewith.

DATED: October 11, 2023          */s/ Matthew L. Rollin*
                                  Matthew L. Rollin
                                  **SRIPLAW**
                                  Attorneys for Plaintiff Viral DRM, LLC

Plaintiff VIRAL DRM LLC by and through undersigned counsel, hereby moves this Court for leave to issue a subpoena to service provider Google, LLC for identification of the alleged infringers listed in Schedule A to the Complaint. Viral DRM seeks the issuance of the subpoena and Google's response on an expedited basis and on condition that Google be ordered not to provide notice to the individuals whose YouTube channels are listed on Schedule A to the Complaint that their information is being disclosed to plaintiff.

Plaintiff seeks an order pursuant to Rule 26(d)(1) to serve a subpoena on Google, LLC to obtain information sufficient to identify the owners of the YouTube channels and AdSense accounts associated with those channels listed on Schedule A to the Complaint. The order sought is also pursuant to 17 U.S.C. § 512(h)(1) which authorizes a subpoena for identification of an alleged infringer that served a counternotice pursuant to 17 U.S.C. § 512(c)(3)(A).

Plaintiff served DMCA take-down notices on the alleged infringers listed in Schedule A to the Complaint, and some of those infringers served counternotices. Plaintiff is concerned that if the infringers are notified as is Google's normal procedure then that notice will cause the newly discovered infringers to conceal their identities, transfer their funds in their AdSense accounts, and frustrate plaintiff's ability to recover for the infringement alleged in this action.

The Ninth Circuit instructed that "'where the identity of the alleged defendant[] [is] not [] known prior to the filing of a complaint[,] the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.'" *Wakefield v. Thompson,* 177 F.3d 1160, 1163 (9th Cir. 1999) quoting *Gillespie v. Civiletti*, 629 F.2d 637, 642-43 (9th Cir. 1980). See also *Cottrell v. Unknown Corr. Officer*, No. 99-15567, 2000 U.S. App. LEXIS 21969, at *2-3 (9th Cir. Aug. 18, 2000) citing *Gillespie* and *Wakefield*.

Federal Rule of Civil Procedure 26(d) allows the district court to order discovery early in the case and Rule 45 allows service of a subpoena on a non-party. "Ninth Circuit authority permits Plaintiff the opportunity to pursue appropriate discovery to identify the unknown Does, unless it is clear that discovery would not uncover their identity, or his Complaint should be dismissed for other reasons." *Stevenson v. Beard*, 2017 U.S. Dist. LEXIS 166368, at *7 n.3 (S.D. Cal. Oct. 6, 2017). See

also *Grizzle v. Cty. of San Diego,* 2017 U.S. Dist. LEXIS 121040, at *6 n.3 (S.D. Cal. July 31, 2017) (same).

Courts in infringement actions have applied "a three-factor test when considering motions for early discovery to locate certain defendants." *MGM Resorts Int'l v. Does*, 2017 U.S. Dist. LEXIS 138204, at *3-4 (D. Nev. Aug. 28, 2017). *First*, "the plaintiff should identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court." *Id.* at 578. *Second*, the plaintiff "should identify all previous steps taken to locate the elusive defendant" to ensure that the plaintiff has made a good faith effort to identify and serve process on the defendant. *Id.* at 579. *Third*, the "plaintiff should establish to the Court's satisfaction that plaintiff's suit against defendant could withstand a motion to dismiss." *Id.* (citing *Gillespie*, 629 F.2d at 642); *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 578-579 (N.D. Cal. 1999).

These factors support the court ordering that Plaintiff may serve limited third-party discovery to Google to obtain the identifying information for the YouTube accounts and associated AdSense accounts for the individuals whose YouTube channels and videos are listed on Schedule A to the Complaint.

### A. The YouTube Uploaders and Channels Listed on Schedule A to the Complaint are Sufficiently Identified to be Sued in Federal Court

The list of YouTube channels and YouTube videos listed in Schedule A to the Complaint provides sufficient specifics about these actors for Google to identify them and provide their identifying information to plaintiff.

### B. Steps Taken to Identify YouTube Uploaders and Channels Listed on Schedule A

Prior to filing this lawsuit, plaintiff performed an investigation to attempt to obtain the identification of the defendants listed on Schedule A. One step in the process was submission of DMCA take-down requests to YouTube. YouTube has acted albeit more slowly than the period mandated by statute. Once plaintiff received counternotices, the information therein was reviewed and much of that information appeared false and fraudulent.

Plaintiff needs identification of the defendants to protect its rights and its ability to recover.

### C. Plaintiff's Infringement Claims Against the YouTube Uploaders and Channels Listed on Schedule A to the Complaint Can Withstand a Motion to Dismiss

The claims in the Complaint are based on the unlawful copying, display and distribution of plaintiff's copyrighted extreme weather event videos that infringe upon Viral DRM's copyrights and related claims. All the claims can withstand motions to dismiss.

In view of the foregoing, plaintiff respectfully requests this Court grant this motion and permit plaintiff to serve the proposed subpoena accompanying this motion on Google LLC forthwith and that Google's compliance with the subpoena be required without any advance notice to the individuals that the subpoena seeks to identify. Google LLC and its counsel have been served with this motion in advance so they may lodge any objections with the Court. A proposed order has been submitted by counsel to chambers consistent with this motion.

DATED: October 11, 2023              Respectfully submitted,

                                     */s/ Matthew L. Rollin*
                                     Matthew L. Rollin
                                     **SRIPLAW, P.A.**
                                     *Counsel for Plaintiff Viral DRM LLC*